UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv049-FDW

| | |
|---|---|
| JOHN LEWIS WRAY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner John Lewis Wray, Jr.'s Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. No. 2).

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who on June 13, 2012, in Cleveland County Superior Court, was convicted after a second jury trial of possession with intent to sell or deliver ("PWISD") cocaine, sale of cocaine, and attaining the status of an habitual felon. State v. Wray, 747 S.E.2d 133 (N.C. Ct. App. 2013). The trial court consolidated the offenses of PWISD cocaine and sale of cocaine and sentenced defendant to 142-180 months incarceration. Id. Petitioner appealed and on August 6, 2013, the North Carolina Court of Appeals found no error. Id. Petitioner filed a petition for discretionary review in the Supreme Court of North Carolina, which was denied on March 6, 2014. State v. Wray, 755 S.E.2d 615 (N.C. 2014).

On November 25, 2013, Petitioner filed a pro se petition for writ of habeas corpus pursuant to § 2254 in the federal district court. (Wray v. North Carolina, 1:13-cv-00310-FDW,

1

Doc. No. 1). In it, Petitioner raised the following grounds for relief: (1) his state and federal constitutional rights were violated because he was never indicted; (2) because he was out on bond he could not have been indicted; and (3) the trial court lacked jurisdiction to try him because there was no indictment. (1:13-cv-00310, Doc. Nos. 1, 1-1). The State moved for summary judgment, and on March 11, 2014, this Court granted the State's motion, and dismissed the petition. (1:13-cv-00310, Doc. 15).

The Court found that Petitioner's claims were factually inaccurate and procedurally barred. (1:13-cv-00310, Doc. 15 at 6-7). Of particular relevance to the instant habeas petition, the Court found that documents provided by the State included copies of the "true bill" indictments by a Cleveland County Grand Jury for PWISD cocaine, sale of cocaine, and attaining the status of an habitual felon, that were included in the North Carolina appellate court "Record on Appeal." (1:13-cv-00310, Doc. 15 at 6 (citing Resp.'s Ex. #2 4-5, Doc. No. 9-3.)). Petitioner did not appeal the Court's dismissal of his habeas petition.

On March 5, 2015, Petitioner filed the instant habeas petition pursuant to § 2254. In it he raises the same grounds for relief that he raised in his previous federal habeas petition. Petitioner includes an assertion that the Cleveland County Superior Court Clerk's Office has no record of any grand jury indictments against him for PWISD cocaine, sale of cocaine, or attaining the status of an habitual felon.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

2

**III.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

As noted, Petitioner has filed a prior habeas petition challenging his 2012 convictions and sentences (1:13-cv-00310).  In the instant case, Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition.  Accordingly, this petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

**IV:    CONCLUSION**

For the reasons stated herein, the Court finds that the present § 2254 petition should be dismissed without prejudice as an unauthorized, successive § 2254 petition.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's petition for a writ of habeas corpus, Doc. No. 1, is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

2) Petitioner's Motion to Proceed In Forma Pauperis, Doc. No. 2, is **GRANTED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 24, 2015

Frank D. Whitney
Chief United States District Judge